GARRET L. SCHUYLER et al., Respondents, *v.* JOHN N. HAY-WARD, Appellant, PATRICK H. POWER et al., Respondents.

The provision of the mechanic's lien law for the city of New York of 1863 (§ 14, chap. 500, Laws of 1863), declaring that for the purposes of the act one who has sold lands "upon an executory contract of purchase contingent upon the erection of buildings thereon shall be deemed the owner, and the vendee the contractor" does not change the actual relation between the vendor and vendee, or vary their legal rights as to each other, or to third persons, except for the purposes of the lien authorized by it.

Defendant H. contracted to sell defendant B. certain premises, and to
advance to him $9,000 to complete some unfinished houses thereon. B.
agreed to finish the houses on or before May 1, 1873, and to give his
bonds with mortgages on the premises for the purchase-price, with
interest to date to May 1, 1873. The houses were not finished until
July, 1874. H. acquiesced in the completion of the work after the time
had expired. After their completion no deed was tendered or bonds and
mortgages given, but H. took possession of, and rented the buildings.
In an action to foreclose mechanics' liens filed by sub-contractors H.
claimed to recoup damages sustained because of the delay in completing
the buildings. *Held,* that H. was not entitled, by way of damages, to the
rental value of the premises for the time between that fixed for the com-
pletion of the buildings and the time of their actual completion, as H. was
not entitled under the contract to the rents and profits or to the use and
occupation of the premises; that the fact that he did receive the rents
after the buildings were completed was immaterial, as he did not
receive them under the contract; that H. was not entitled to be allowed
interest on the purchase-money, as whatever interest he was entitled to
by virtue of his contract he was still entitled to from B., and to the
security by mortgage for its payment; and, in the absence of proof of
special damage, that the lienors were entitled to judgment for the balance
unpaid by H. to B. under their contract at the time of filing the liens.

(Argued October 4, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Court of
Common Pleas for the city and county of New York affirm-
ing a judgment in favor of plaintiffs, entered upon the report
of a referee.

This action was brought to foreclose a mechanic's lien upon
certain premises in the city of New York, the legal title to
which was in defendant Hayward.

By agreement in writing dated March 4, 1873, Hayward
agreed to sell and convey to defendant Leonard Buck, Jr., three
unfinished buildings with the lots situate on the west side of
Madison avenue for the sum of $15,800 each, and to advance
said Buck $9,000 to complete said buildings in ten payments at
various stages of the work. Buck agreed to give his bond and
mortgage on each house for $15,800, with the usual insurance
and interest clause, the interest on said mortgages to date from
May 1, 1873. No time was specified in the contract when the
bonds and mortgages were to be given. Buck also agreed to

finish the buildings by May 1, 1873. The buildings were not finished until July 1, 1874, the deeds were never demanded from or tendered by Hayward to Buck, and the bonds and mortgages were never demanded from nor tendered by Buck to Hayward. Hayward took possession and rented said three buildings to tenants on May 1, 1874, Buck occupying one of them. Hayward continued to make payments of installments to Buck under their contract after May 1, 1873, and up to September 4, 1873, to the aggregate amount of $6,400. The sub-contractors under Buck filed their liens respectively on September 4, 1873, and November 13, 1873, for work done and materials furnished between March 9, 1873, and the date of filing their respective liens. The referee found $2,600 due from Hayward to Buck under their contract, with interest, and gave judgment against him as owner, in pursuance of the act of 1863, chapter 500, section 14, personally, up to said amount and interest, $2,784, in favor of the sub-contractors, and directed a sale of the premises to satisfy the liens to that amount. The owner, Hayward, in his answer, set up a breach of his contract by Buck, and claimed to be entitled to set off against the balance unpaid by him on said contract, the damage he has sustained by the failure of Buck to complete the houses at the stipulated time.

Further facts appear in the opinion.

*Samuel Hand* for the appellant. The appellant is the owner of the premises, and the true measure of his damage is the value of their use during the period he was deprived of the use of them. (*Mushlett* v. *Silverman*, 50 N. Y., 362; *Doughty* v. *Devlin*, 1 E. D. S., 625; *Goudier* v. *Thorp*, id., 697; *O'Donnell* v. *Rosenberg*, 14 Abb. [N. S.], 59; *Ruff* v. *Rinaldo*, 50 N. Y., 664.) The sub-contractors could only recover to the extent the contractor could, were there no sub-contractors. (*Doughty* v. *Devlin*, 1 E. D. S., 625; *Ferguson* v. *Burke*, 4 id., 699; *Carman* v. *McIncrow*, 13 N. Y., 70.)

*Thomas Hooker* and *F. G. Smedley* for the respondents. It was unnecessary to prove delivery or tender of the bonds

and mortgages. (*Redfield* v. *H. P. Ins. Co.*, 56 N. Y., 358; *Justh* v. *Nat. Bk. of Comm.*, id., 485; *Colwell* v. *Lawrence*, 38 id., 71; *McCabe* v. *Brayton*, id., 196; *Tipton* v. *Feitner*, 20 id., 432; *McMahon* v. *N. Y. and E. R. R. Co.*, id., 468; *Dillon* v. *Masterson*, 7 J. & S., 135; *Beekman F. Ins. Co.* v. *First M. E. Ch.*, 18 How. Pr., 436; *Hard* v. *Seeley*, 47 Barb., 428; *McCullough* v. *Cox*, 6 id., 387; *Pearsoll* v. *Fraser*, 14 id., 564; *Pordage* v. *Cole*, 1 Wm. Saund., 319; 1 Chitty's Pldgs., 323; 2 Pars. on Con. [5th ed.], 531; *Boone* v. *Eyre*, 1 H. Bl., 273, note *a; Duke of Albans* v. *Shire*, id., 279; *Bennett* v. *Pixley*, 7 J. R., 249; *Smith* v. *Betts*, 16 How. Pr., 251; *Tompkins* v. *Elliott*, 5 Wend., 497; *Gould* v. *Banks*, 8 id., 566; *Campbell* v. *Jones*, 6 T. R., 570; *Laird* v. *Smith*, 44 N. Y., 618; *Dowdney* v. *McCullom*, 59 id., 373; *Stevenson* v. *Pratt*, 3 J. & S., 496.) The owner cannot claim that the contractor perfected his rights under the contract by reason of non-completion on May 1, 1873. (*Dillon* v. *Masterson*, 7 J. &. S., 135; *Ruff* v. *Rinaldo*, 55 N. Y., 664; *Gallagher* v. *Nichols*, 60 id., 448; *Smith* v. *Gurgerty*, 4 Barb., 614; *Sinclair* v. *Tallmadge*, 35 id., 602.) No damage was sustained by the appellant. (*Rogers* v. *Wheeler*, 52 N. Y., 262; *Casler* v. *Shipman*, 35 id., 542; *Van Slyke* v. *Hyatt*, 46 id., 259; *Lefler* v. *Field*, 47 id., 408; *Morgan* v. *Mulligan*, 50 id., 665; *Smith* v. *G. F. Ins. Co.*, 62 id., 85; *Hulce* v. *Sherman*, 13 How., 411; *Sharp* v. *Wright*, 35 Barb., 236; *Taylor* v. *Guest*, 58 N. Y., 265; *Fabbri* v. *Kalbfleisch*, 52 id., 28; *Stewart* v. *Smith*, 14 Abb., 75; *Hubbell* v. *Meigs*, 50 N. Y., 482; *Chubbock* v. *Vernam*, 42 id., 435; *Smith* v. *Coe*, 29 id., 666; *Laird* v. *Smith*, 44 id., 618; *Tinney* v. *Ashley*, 15 Pick., 546; *Walrad* v. *Ball*, 9 Barb., 271; *Fox* v. *Harding*, 7 Cush., 522; 2 Greenl. Ev. [9th ed.], 293, note 6; *Hoyt* v. *Miner*, 7 Hill, 526; *Devlin* v. *Mack*, 2 Daly, 100; *Jenks* v. *Brown*, 4 Hun, 128.)

ALLEN, J.    The statute (chapter 500, of the Laws of 1863, section 14) declares that for the purposes of the act, any person who may have sold or disposed of lands upon an

executory contract of purchase contingent upon the erection of buildings thereon, shall be deemed the owner, and the vendee the contractor, and subjects the owner in all respects to the provisions of the act. The law does not assume to change the actual relation of vendor and vendee, or vary their legal rights as between themselves or in respect to third persons, except for the purposes of the lien authorized by it. The entire effect of the provision is to give to laborers and material-men a lien for work performed and materials furnished toward the erection of buildings upon the lands, as if the vendor were the absolute owner, and the purchaser had contracted with him to erect the buildings. The same result is accomplished in other statutes by giving a lien wherever buildings are erected upon lands with the consent of the owner. The appellant Hayward was the legal owner, that is, the legal title of the lands was in him at the time of the erection of the buildings, but the title was held in trust for Burke, who was the equitable owner, subject to the performance of the contract of purchase by him. The contract has never been abandoned or rescinded, and the purchaser is now entitled to a specific performance of it. The appellant does not allege a failure to perform the contract by Burke, and a consequent forfeiture of all rights under the contract, either to the premises or to the advances in money agreed to be made. On the contrary, Hayward himself testified that he acquiesced in the completion of the buildings and made payments to Burke under the contract as late as July, 1874, long after the lien of the respondents attached, and fifteen months after the day named for the completion of the buildings, and the referee has found, at the request of Hayward, that the contract continued in force after the 1st day of May, 1873, and the work on said buildings was thereafter proceeded with by Burke with his assent. The relation of vendor and vendee was therefore continued and the contract was in force as an executory contract of sale until the completion of the buildings and the right of the purchaser to the last of the payments to be made by the owner was perfect. The only

defence urged to the claims and liens of the respondents is by way of recoupment for damages sustained by reason of the delay in completing the buildings. It is urged that the respondents can, as lienors, under the statute, have no other or greater claim than could be enforced at the suit of Burke, and that whatever would constitute a defence in whole or in part in action by Burke, is competent as against the present claimants. Whether this be so in respect to a claim for unliquidated damages for mere delay in the performance of a contract acquiesced in by the owner need not be considered. The answer of the appellant is very general as to the damages which he claims to recoup. He does not aver any special damages, but merely that by reason of the failure of the contractor and purchaser to finish the buildings by the time limited he had sustained damages to the amount of $3,900. Upon the trial, the appellant proved, under objections, the rental value of the premises from the time the houses were to have been completed, and also, the interest which would have accrued upon the mortgage had it been given pursuant to contract.

No claim was made by the appellant for the allowance of interest by way of damages, and, therefore, the claim as shadowed forth in the evidence and by the finding by the referee of the amount as requested must be considered as abandoned. The referee was only asked to find that the appellant sustained damages by reason of the delay in the completion of the buildings, to the amount of the value of the use thereof. The referee was unquestionably right in declining to give to the appellant the value of the use or the rental value of the premises for the interval of time between that fixed by contract for their completion, and the time of their actual completion. Had he been the actual instead of the merely theoretical owner for the purposes of the statute, the claim might have been proper. In such case, that might have been his actual loss, but not so under the circumstances developed here. The houses when completed were not to be for the use and occupation of Hayward, but of his vendee, Burke. The latter

was entitled to the rents and profits unless he forfeited his right by some default, and the contract had been rescinded for that reason. The time of the completion of the buildings was not of the essence of the contract, and if it was the vendor did not avail himself of this failure to perform at the day, but suffered the purchaser to perform it at a later day, and the rights of the parties to the contract were the same as if the performance had been to the letter as to time and manner. Hayward was not, by the terms of the contract, entitled, either to the rents and profits of the premises or to their use and occupation. That he now receives the rents of some of the houses proves nothing, for the reason, that he does not receive them pursuant to the contract of sale, but under some new arrangement which cannot affect the lien of the respondents. Had the referee been requested to allow the interest upon the purchase-price from the time the mortgage was to bear interest by way of damages, he would have been compelled to rule adversely to the claim. The appellant has not lost his interest; whatever interest he is entitled to in virtue of his contract of sale, he is still entitled to demand and have of Burke, and to security upon the premises by mortgage, for its payment. For aught that appears, Burke is entirely solvent and able and ready to pay on request, and is prepared to give a mortgage according to the terms of the agreement, which will be ample security for the full amount of principal and interest due the appellant. There has been no default on the part of Burke to give the mortgage, for he has not been requested to do so, and should he make default he will forfeit his rights under the contract and the appellant will have the benefit of the work and materials of the respondent, and all that he contemplated receiving for his advances in the contingency of Burke's failure to perform upon his part. If any interest could be allowed it would only be the interest upon the interest, the payment of which has been deferred. But no claim was made of this and no question in respect to it is before us. The appellant could have had his mortgage and a specific performance of his con-

tract with Burke had he claimed it, and the respondents have lost no right merely because the appellant has not insisted upon a literal performance.

The judgent must be affirmed.

All concur.

Judgment affirmed.